UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LAKISHA WILLIAMS**                              **CASE NO. 2:22-CV-03218**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**CRUM & FORSTER SPECIALTY**                      **MAGISTRATE JUDGE KAY**
**INSURANCE CO**

## MEMORANDUM RULING

Before the Court are two motions (1) "Defendant's Rule 12(b)(6) Motion to Dismiss, or Alternatively, Motion for Summary Judgment Under Rule 56" (Doc. 5) and (2) "Motion to Strike Plaintiff's Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, or Alternatively, Motion for Summary Judgment under Rule 56" (Doc. 10). Crum & Forster Specialty Insurance Company ("Crum & Forster") argues that the instant lawsuit must be dismissed because Plaintiff's claims in this matter were settled and compromised by the parties prior to the filing of this litigation. In its Motion to Strike, Crum & Forster moves to strike Plaintiff's Opposition because it was filed after the deadline set by the Court.

The Court will address the Motion as a Motion for Summary Judgment, because Defendant attached exhibits to its Motion, and the Court will consider said exhibits.

## FACTUAL STATEMENT

Plaintiff owns a home in Lake Charles, Louisiana that was damaged by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. During the relevant time period, Plaintiff's property was insured by Crum and Forster. Plaintiff

retained a public adjuster, David Zinnershine, with Proclaim Adjusters, Inc. to assist her with these claims. Prior to October 12, 2021, Crum & Forster made multiple payments to Plaintiff for a total of $239,932.14.

After Plaintiff filed a claim with her insurance company, she entered a Policyholder's Release (referred to as the "Release") on October 12, 2021, in consideration of "New Money" for consideration of an additional payment of $191,733.54. In that release, the Plaintiffs acknowledged receipt of payments from the Insurer as follows:

Dwelling, Other Structures, Personal Property and Loss of Use Claim #945613

$203,266.46

Dwelling for Claim #945944            $ 36,665.68

Plaintiff then accepted $191,733.54 for "NEW MONEY" to settle the claim. The Release provides as follows:

> For and in consideration of the additional payment of ($191,733.54) **NEW MONEY**, this NEW MONEY payment is based on the agreed compromised global settlement of both the Hurricane Claims: Claim #946613 and Claim #945944. This new money payment will be issued and made payable to Lakisha Williams and David Zinnershine upon execution of this documents. I/we do hereby release and forever discharge the above insurer, Crum & Forster Specialty Insurance Company (Crum & Forster) from any and all liability under the policy identified above, because of the two Hurricane occurrences on or about August 27, 2020, and on or about October 9, 2021,[sic] respectively, at or near 4850 Kingspoint Drive Lake Charles, LA 70605.
>
> It is fully understood and agreed that in the event of any further and additional claim or claims arising out of the occurrences described above, that Crum & Forster shall not have any liability for same whatsoever under the above policy and the undersigned agrees to hold Crum & Forster shall not have any liability for same whatsoever under the above policy and the undersigned

agrees to hold Crum & Forster harmless from any loss, cost, damages, or expenses in connection with such further or additional claim or claims.[1]

On November 10, 2021, Peninsula Insurance Bureau on behalf of Crum and Forster issued a check to Plaintiff and Zinnershine for $191,733.54. Plaintiff signed the release relying on Zinnershine's instruction, that in order to receive the check, she must sign the release. Plaintiff subsequently received the check signed by Peninsula Insurance Bureau, which stated on its face "Final Settlement."[2]

Plaintiff filed this lawsuit on August 23, 2022.[3]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the

---

[1] Defendant's exhibit 1, attached to Defendant's exhibit 3, Unsworn Declaration of Andrew NOBOA, Doc. 5-4.
[2] Defendant's exhibit 2, Doc. 5-3.
[3] Doc. 1.

nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Crum and Forster move to strike Plaintiff's opposition because it was untimely filed. Crum and Forster move to dismiss the instant lawsuit because it was settled and compromised prior to Plaintiff filing suit.

*Motion to strike*

In its Motion to Strike, Crum & Forster complain that Plaintiff filed its opposition 7 days late, thus the Court should not consider it. Crum & Forster is correct that the opposition is untimely. This Court issued a Notice of Motion Setting,[4] which set the

---

[4] Doc. 8.

deadline for the response 14 days from service of the motion. The opposition was filed 21 days from service of the motion.

Counsel for Plaintiff opposes the Motion to Strike and explains that it was an oversite because he relied on the 21-day deadline in Local Rule 7.5. While it may have been an oversight, the Court notes that counsel for Plaintiff's law firm has been filing Hurricane Laura and Delta claims for over two (2) years now and therefore, should be acutely aware of the abbreviated deadlines for Hurricane cases. Additionally, the Notice of Motion Setting in this matter clearly states the 14-day response deadline.

Be that as it may, the Court will in this instance only consider Plaintiff's opposition.

*Motion for summary judgment*

Crum & Forster maintain that the Release, executed prior to the filing of this lawsuit, was a settlement and compromise as to all of Plaintiff's claims. Plaintiff maintains that the Release did not cover or include any bad faith claims. Plaintiff argues that she did not waive or release her claims for additional contractual amounts, nor did the Release extend to Dr. Williams' bad faith claims under the Louisiana penalty statutes.

The Court disagrees. Compromises are favored in the law, and the burden of proving the invalidity of such an agreement lies with the party attacking it. *Rivett v. State Farm*, 508 So.2d 1356 (La. 1987). Compromises have *res judicata* effect, precluding either party from bringing a subsequent action based on that matter. *Shields v. State Farm Mutual Automobile Insurance Company*, 538 F.Supp.3d 658, 663 (W.D. La. 05/11/2021) citing Louisiana Civil Code article 3080.

The Release provides that for consideration of the New Money, Plaintiff and Zinnershine, agree to release and forever discharge Defendant from any and all liability under the Policy. This is clear and unambiguous language that covers any bad faith claims. The Court finds that there is no genuine issue of material fact for trial.

## CONCLUSION

For the reasons set forth herein, the Court will grant Crum & Forster's Motion for Summary Judgment dismissing Plaintiff's claims with prejudice, and the Motion to Strike will be denied as moot.

**THUS DONE AND SIGNED** in Chambers on this 15th day of September, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**